UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELLI L. H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-01661-JSD |
| | ) | |
| LEE DUDEK, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION**

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Lee Dudek, Acting Commissioner of Social Security[1] (the "Commissioner") denying the application of Plaintiff Kelli H. ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5.) For the reasons stated herein, the Court affirms the Commissioner's denial of Plaintiff's application.

---

[1] Lee Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Lee Dudek should be substituted, therefore, for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.   **BACKGROUND**

On February 12, 2021, Plaintiff applied for DIB and SSI, alleging that she had been unable to work since January 1, 2019. (Tr. 228-43.) Her application was initially denied (Tr. 113-120), as was her request for reconsideration (Tr. 121-130). On January 2, 2022, Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 132-133.) On June 23, 2022, Plaintiff amended her alleged onset date to January 3, 2020. (Tr. 11, 279.)

In her application, Plaintiff alleged disability based on attention deficit hyperactive disorder (ADHD), anxiety, bipolar disorder, chronic fatigue syndrome, cognitive dysfunction, depression, eating disorder, endometriosis, possible Crohn's disease, and schizophrenia. (Tr. 335.) At the hearing before ALJ Koren Mueller on March 31, 2023, Plaintiff testified as follows. She was involved in a car accident in August 2021, which caused the discs in her neck to radiate pain, led to loss of feeling in her hands and legs, and required surgery, which she was unable to afford. (Tr. 45-48.) Her irritable bowel syndrome (IBS) and endometriosis affected each other. (*Id.*) Her anxiety made it difficult to leave the house and sleep at night (Tr. 49-50), and she had panic attacks (Tr. 53). The record also contains opinion evidence from, *inter alia*, Dr. Dowel, Plaintiff's psychiatrist, and Dr. Vera, a physician who performed a consultative exam on Plaintiff, both opining to Plaintiff's functional limitations. (Tr. 1073-1104.)

The ALJ issued an unfavorable decision on May 9, 2023. (Tr. 8-28.) Plaintiff timely filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council, which was denied on October 26, 2023. (Tr. 1-7, 221-227.) Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

2

The Court accepts the facts as set forth in the parties' respective statements of fact and responses. The Court will cite to specific portions of the transcript as needed to address the parties' arguments.

## II.   STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable

3

physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509 or § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to

4

other work, they will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Moore*, 572 F.3d at 523; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that: Plaintiff had not engaged in substantial gainful activity since July 15, 2020; Plaintiff had the severe impairment(s) of ADHD, generalized anxiety disorder, and intervening herniated discs of the cervical spine; some of Plaintiff' physical impairments, including endometriosis, IBS, urinary issues, and bulimia, were not severe, as the medical evidence did not show that they caused more than mild functioning limitations; and Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 14-15.) As relevant to Plaintiff's physical RFC, the ALJ found Dr. Dowel's and Dr. Vera's opinions unpersuasive and Plaintiff's subjective complaints exaggerated, stating that,

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can occasionally climb ramps and stairs but should avoid ladders, ropes, and scaffolds. She can occasionally balance as defined by the Dictionary of Occupational Titles and Selected Characteristics of Occupations. She should avoid vibration and hazards such as unprotected heights and dangerous machinery. She can frequently reach with the bilateral hands.

(Tr. 17-26.) At Step Four, the ALJ found that Plaintiff was unable to perform past relevant work; and at Step Five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26.)

5

## IV. DISCUSSION

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because, after finding all the medical opinions regarding Plaintiff's physical limitations unpersuasive and discounting the severity of Plaintiff's subjective complaints, the ALJ determined the physical RFC based on her own interpretation of the medical reports instead of the functional evidence. This Court disagrees.

### A. Standard for Judicial Review

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotations omitted). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063-64 (8th Cir. 2012). However, the court will "not reweigh the evidence presented to the ALJ," and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent

6

positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005).

## B. RFC Determination Supported by Substantial Evidence

Plaintiff argues that the ALJ failed to support the RFC determination with substantial evidence after discounting Plaintiff's subjective reports and the medical opinions of Drs. Dowel and Vera, which were formulated after Plaintiff's car accident, and according to Plaintiff, "demonstrated greater limitations than assessed in the RFC." (ECF No. 14 at 3.) Plaintiff asserts that the ALJ failed to cite functional evidence to support the RFC, and because the ALJ's narrative failed to explain how the specific limitations in the RFC were assessed, the ALJ improperly substituted her own lay interpretation of the medical evidence. For the following reasons, this Court finds the ALJ's RFC determination is supported by substantial evidence.

An RFC is the most a claimant can still do, despite the claimant's physical and mental limitations. 20 C.F.R. § 416.945(a)(1). "The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney*, 228 F.3d at 863; 20 C.F.R. § 416.945(a)(1). "Ultimately, the RFC determination is a 'medical question' that 'must be supported by some medical evidence of [the plaintiff's] ability to function in the workplace.'" *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017)). "Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional." *Williams v. Saul,* No. 2:19-CV-88 RLW, 2021 WL 1222770, at *10 (E.D. Mo. Mar. 31, 2021) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). However, the "interpretation of physicians' findings is a factual matter left to the ALJ's authority." *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016) (citation omitted). Nonetheless, it

7

is the claimant's burden of proof to establish the RFC. *See Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 404.1512(a). While an ALJ is not permitted to draw his/her own inferences about a claimant's functional ability from medical reports, *Combs*, 878 F.3d at 646, there is no requirement that an RFC finding be supported by a specific medical opinion, *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022).

This Court finds that the RFC determination was supported by substantial evidence because after conducting a detailed review of Plaintiff's medical records, the ALJ based the physical RFC determination on the entire record, including imaging results, physical exams, treatment history, and Plaintiff's activities of daily life. (Tr. 17-26.) The ALJ justified the RFC determination by explaining that some of Plaintiff's subjective complaints (regarding the intensity, persistence, and limiting effects of those symptoms) were inconsistent with the objective medical evidence and her activities of daily living. For example, the ALJ noted that, contrary to Plaintiff's complaints of extreme limitations, she was able to drive, her IBS was controlled, the evidence did not support urinary accidents, there was no evidence supporting the allegations that she could only lift 5 pounds or walk 20 steps without resting, and she was not prescribed a cane or assistive device (Tr. 18-19). *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (ALJ did not err in evaluating claimant's subjective complaints, as he credited some complaints, but noted that objective medical evidence and claimant's daily activities were not fully consistent with allegations).

The ALJ also provided legitimate reasons for discounting Dr. Dowel's and Dr. Vera's medical opinions, as Dr. Dowel offered no objective evidence to support his opinions, Dr. Vera relied largely on Plaintiff's subjective complaints, and their opinions were inconsistent with the medical evidence. *See* 20 C.F.R. § 404.1520c (when evaluating the persuasiveness of medical opinions, most important factors for ALJ to consider are consistency and supportability); *Julin v.*

8

*Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016) (where ALJ declined to credit claimant's allegations, he was entitled to discount physician's opinions that relied on claimant's subjective complaints). Specifically, the ALJ found that the opinions, which set forth limits that essentially amounted to a sedentary exertional level, were inconsistent with the medical evidence showing that Plaintiff could grasp objects with only mild difficulty, rise from a seated position without difficulty, put on socks and shoes without issue, walk with a steady gait, and live independently. The ALJ also explained that the medical opinions contained limitations that were not supported by the medical evidence, such as restrictions on reaching or an inability to perform daily activities. (Tr. 22-24.)

Moreover, in rejecting a pre-accident medical opinion as unpersuasive, the ALJ explained that a medium exertional level was inconsistent with the severity of Plaintiff's cervical disc herniation and strength 4/5, which further limited her ability to lift and carry to the light exertional level. (Tr. 22.) The ALJ stated that the herniated discs in Plaintiff's cervical spine, evidenced by imaging, were considered in limiting Plaintiff to light work with additional postural limitations to account for the medically documented pain, and limits in range of motion and strength. (Tr. 25-26, 1080-1104.) Regarding lifting, carrying, standing, and walking, the ALJ explained that while records showed reduced range of motion and strength due to cervical injuries, Plaintiff continued to have a steady gait, 4/5 strength, and "no documentation of physical limitations within her ongoing treatment in support thereof." (Tr. 24.) In addition, the ALJ considered that Plaintiff worked, drove, cared for her daughter part time, lived independently, assisted children with virtual learning, read, had a craft hobby, had no hospitalizations or referrals for intensive outpatient care, and had no significant exacerbation of symptoms. (Tr. 17-25.)

Plaintiff's assertion that there was no functional medical evidence available in the record after the ALJ discounted the medical opinions fails, as there is no requirement that the RFC finding

9

be supported by a specific medical opinion, and the examination findings considered by the ALJ speak directly to Plaintiff's ability to function in the workplace. *See Schmitt*, 27 F.4th at 1360; *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016) (finding medical evidence, including disability exam and treatment records, evidenced Plaintiff's ability to function in the workplace); *Hurst v. Kijakazi*, No. 4:20-CV-00080-MTS, 2021 WL 3021424, at *7 (E.D. Mo. July 16, 2021) ("[O]bjective medical findings and evidence can constitute sufficient medical support for an RFC assessment even in the absence of medical opinion evidence."). Unlike in *Noerper*, where the court found "simply no reliable evidence" to support the challenged RFC limitation, 964 F.3d at 746, the ALJ here cited functional evidence from the record to support the RFC determination. As such, the ALJ did not draw her own inferences about Plaintiff's functional ability from the medical reports but supported the RFC determination with medical and non-medical evidence from the entire record. *See Schmitt*, 27 F.4th at 1360 (RFC determination is based on all relevant evidence, including the medical records, observations of treating physicians and others, and claimant's subjective complaints); *Noerper*, 964 F.3d at 744 (RFC must be supported by some medical evidence of claimant's ability to function in the workplace; clarifying that ALJ is not required in all instances to "obtain from medical professionals a functional description that wholly connects the dots between the severity of pain and the precise limits on a claimant's functionality"). Accordingly, the RFC determination is supported by substantial evidence. *See Hensley*, 829 F.3d at 934 (substantial evidence, including examination findings and Plaintiff's daily activities, supported RFC determination).

To the extent Plaintiff argues that the ALJ erred in declining to include more restrictive limitations based on her subjective complaints and the medical opinions, this Court finds the ALJ did not err in declining to include such limitations, as the ALJ properly found Plaintiff's subjective

complaints not fully consistent with the record and permissibly discredited Dr. Dowel's and Dr. Vera's medical opinions. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (ALJ did not err by declining to include in RFC limitations based on claimant's allegations that he found not credible, or limitations from physicians' opinions he properly disregarded); *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003) (ALJ properly limited RFC determination to only impairments and limitations he found credible based on his evaluation of entire record). Moreover, this Court will not reweigh the evidence. *Schmitt*, 27 F.4th at 1361 (while claimant was dissatisfied with how ALJ weighed her subjective complaints against objective evidence, ALJ's analysis was proper, as it was not court's role to reweigh that evidence); *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016) (even if substantial evidence in record could have supported contrary outcome, this court must affirm ALJ's decision if there is also substantial evidence to support it).

## VI. CONCLUSION

Based upon the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED.**

**IT IS FURTHER ORDERED** that Lee Dudek shall be substituted for Martin O'Malley as the Defendant in this suit pursuant to Fed. R. Civ. P. 25(d).

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of April, 2025.